IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40834
Summary Calendar
_____

DAVID LYNN MEADOR,

                                        Plaintiff-Appellant,

versus

WILLIAM McFADDIN, Estate of;
EPHRAIN GRONIZK, Estate of,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1613
- - - - - - - - - -

February 11, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Lynn Meador appeals the dismissal of his diversity-jurisdiction lawsuit against the estates of William McFaddin and Ephraim Garonzik, in which he sought to recover money and secure his rights to property in Texas.  He alleged rights to property near the "Spindletop" oil well through a 1911 deed from Garonzik to a "James Meaders," who Meador alleges is his great-grandfather.  The district court *sua sponte* dismissed the lawsuit because Meador had not attempted to show that the defendant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

estates existed or that trustees were available to be sued.  The court also held that the many prior cases interpreting the 1911 deed and the resulting rights to Meaders' heirs would bar the lawsuit.

An estate is not a legal entity in Texas and cannot appear in a lawsuit except through its personal representative.  <u>Nguyen v. Morales</u>, 962 S.W. 2d 93, 94 (Tex. App. 1997).  Meador did not name a trustee for Garonzik's estate, and the district court properly dismissed this defendant from the lawsuit.  Meador did file a notice with the court, however, indicating that the trustee for McFaddin's estate was the "First Security National Bank of Beaumont" in Beaumont, Texas.  The district court should have construed this notice as a motion to amend the original complaint to add the proper defendant.  <u>See</u> <u>Sherman v. Hallbauer</u>, 455 F.2d 1236, 1242 (5th Cir. 1972)(issue raised in memorandum in opposition to motion for summary judgment should have been construed as motion to amend complaint).

This court reviews the denial of a motion to amend for abuse of discretion.  <u>Ashe v. Corley</u>, 992 F.2d 540, 542 (5th Cir. 1993).  Leave to amend is to be freely given but is not automatic.  <u>Id.</u>  Meador's attempted amendment to add the proper party was not the result of "delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party . . . ."  <u>Id.</u> (*quoting* <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  Meador's attempt to amend would be futile, however, as is shown below, and the district court therefore did

not abuse its discretion in not construing Meador's "notice" of the trustee's identity and address as an amendment of the complaint.

The district court also dismissed this lawsuit because prior case law had already established the rights arising from the 1911 deed. Meador's claims for monetary relief were properly dismissed by the district court under the theory of collateral estoppel. "'When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1290 (5th Cir. 1995) (*quoting* Ashe v. Swensen, 397 U.S. 436, 443 (1970)). "The federal principle of collateral estoppel precludes re-litigation of an adversely decided issue by a party who has once had a full and fair opportunity to litigate that issue, regardless of whether his present adversary was a party to the lawsuit." Willis v. Fournier, 418 F. Supp. 265, 266 (M.D. Ga.), *aff'd,* 537 F.2d 1142 (5th Cir. 1976). Federal courts will bind a nonparty whose interests were represented adequately by a party in the original suit. Southwest Airlines Co. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 95 (5th Cir. 1977). Although usually an affirmative defense, collateral estoppel may be raised *sua sponte* by the district court if both actions were brought in courts of the same district. Carbonell v. Louisiana Dep't of Health & Human Resources, 772 F.2d 185, 189 (5th Cir. 1985)(res judicata).

The rights available to the Meaders heirs have been litigated several times in the Eastern District of Texas. See

Clark v. Amoco Prod. Co., 908 F.2d 29 (5th Cir. 1990); Meadows v. Chevron, U.S.A., Inc., 782 F. Supp. 1189 (E.D. Tex. 1991); Robbins v. Amoco Prod. Co., 952 F.2d 901 (5th Cir. 1992). The administrators for the estate of "James Meaders" have been found to have adequately represented the interests of all potential heirs. Meadows, 782 F. Supp. at 906-907. The suits were filed against oil companies who were alleged to have derived minerals from the land; however, the district court specifically held that the finding that no extraction had been made had a far-reaching effect on damage claims:

> [T]his court now holds there is no money due any "heir" or kinsman of James Meadows (Meadors or Meaders) asserting any claim under the deed of December 14, 1911, from Ephraim Garonzik to James Meadows by any of the defendants in this suit or any of their predecessors in title.

Meadows v. Chevron, U.S.A., Inc., 142 F.R.D. 442, 445 (E.D. Tex. 1992)(sanctions hearing). Meador, as an alleged heir asserting a claim under the 1911 deed, cannot look for money due from the Estate of William McFaddin, a predecessor in title to the oil company defendants in the prior cases.

No such sweeping statement exists with respect to Meador's property claims, however. Although property claims have been raised before against the oil companies and have been dismissed on various grounds, the McFaddin estate was not a party to the suits cited by the district court, and issues of fraud and concealment on the part of these individuals was not considered. Therefore, collateral estoppel does not apply with regard to Meador's claims for property rights. However, Meador has failed to show that McFaddin's estate ever stood in a fiduciary

relationship with respect to Meador or his ancestor. Texas case law does not hold that a seller of real property always owes a fiduciary duty to the purchaser of that property. See Pennington v. Bennett, 436 S.W.2d 182, 183 (Tex. Civ. App. 1968)(in absence of showing of fiduciary relationship between seller and buyer, court will not look beyond the parol-evidence rule). Finding a constructive trust requires some wrongdoing that is connected to a fiduciary duty. Edwards v. Strong, 213 S.W.2d 979, 980-981 (Tex. 1948)(a constructive trust is created in property in the hands of a third party who knowingly participated in an agent's breach of fiduciary duty). Meador does not allege or attempt to show that McFaddin or his estate breached a fiduciary duty or helped another to breach that duty. Meador also does not explain how any improper actions by McFaddin or his heirs in the transfer of the property survived three sales to create a duty on behalf of Meador. Because Meador has not alleged a cause of action against McFaddin's estate, the dismissal by the district court can be upheld. See United States v. Real Property, 123 F.3d 312, 313 (5th Cir. 1997)(judgment may be affirmed on ground not relied on by district court).

Meador also argues on appeal that the Judge Cobb abused his discretion by entering an order in this case after Meador had requested that the judge recuse himself. Meador had included a request for rehearing by the Chief Judge because of a "demonstration of prejudice" by Judge Cobb in his objection to the district court's dismissal of the case. Judge Cobb denied the objection as a motion to reconsider.

The court reviews the denial of a motion for recusal for abuse of discretion.  United States v. Harrelson, 754 F.2d 1153, 1165 (5th Cir. 1985).  A judge shall disqualify himself in any proceeding in which his "impartiality might reasonably be questioned."  28 U.S.C. § 455.  Without more, adverse rulings against a litigant are not support for charges of bias and prejudice.  Liteky v. United States, 510 U.S. 540, 554-556 (1994).  Meador argues that Judge Cobb did not review the facts of the case and demonstrated "substantial prejudice" against him. Such vague allegations are not sufficient to show personal prejudice against Meador and do not demonstrate that the district judge had a bias resulting from a personal, extrajudicial source. The district court did not err in effectively denying Meador's request for a recusal by entering a judgment after the request.

AFFIRMED.